MARKOWITZ & CHATTORAJ LLP
271 MADISON AVENUE, 20TH FLOOR
NEW YORK, NY 10016
TEL: (212) 481 1220
FAX: (212) 481 1221

July 14, 2008

**VIA HAND DELIVERY**
The Honorable William H. Pauley III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

> Re:    Croomstacular Music Publishing, Inc. v. Element 9 Recordings, LLC *et al.*,
>        No. 08cv4576 (WHP) (S.D.N.Y.)

Dear Judge Pauley:

This firm represents Defendants Element 9 Recordings, LLC, Minder Music, Inc. and Stuart Pflaum in the above-referenced action. Pursuant to Paragraph 3(A) of Your Honor's Individual Practices, we write to request a pre-motion conference with the Court on Defendants' anticipated motion to dismiss the Complaint in its entirety pursuant to Rules 12(b)(6) and 19 of the Federal Rules of Civil Procedure. This letter sets forth the bases of the anticipated motion.

Background

This case arises from a dispute between Plaintiff Croomstacular Music Publishing, Inc. and Defendants concerning the ownership of music publishing rights to the musical compositions (the "Compositions") of the performing and recording artist DeAndre Way, who performs under the stage name "Soulja Boy Tellem." Compl. ¶ 9. Defendants deny, and intend to dispute vigorously, the material allegations of the Complaint. Defendants have acted as music publishers to Mr. Way from the beginning of his career, having duly copyrighted the Compositions and registered the Compositions with the appropriate performing rights organizations – by contrast with Plaintiff, which admits that it has failed to accomplish any of these things. Nonetheless, the following brief summary accepts the Complaint's allegations as true strictly for purposes of the anticipated motion.

Plaintiff alleges that it owns 50% of the rights to Mr. Way's Compositions pursuant to certain agreements and assignments. Compl. ¶ 11. (Mr. Way is not a party to this action.) Plaintiff contends "on information and belief" that Mr. Way has not entered into a publishing agreement with Defendants or "any affiliated entity," such that "Defendants do not have a valid copyright interest in the Compositions." Compl. ¶ 12. *Application granted. The Court will hold a pre-motion conference on September 26, 2008, in conjunction with the pre-motion conference scheduled for that time.*

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
7/28/ 2008

Honorable William H. Pauley III
July 14, 2008
Page 2

Plaintiff's Complaint focuses on Defendants' registration of the Compositions with the performing rights organizations Broadcast Music, Inc. ("BMI") and the American Society of Composers, Authors, and Publishers ("ASCAP"). Compl. ¶¶ 12, 14 & Exhs. 1-2. Plaintiff contends that these registrations were "fraudulent." Compl. ¶ 14. Plaintiff also complains that Defendants sought to issue a license in one of the Compositions to CBS, that Defendants "falsely asserted that they owned the copyright interest" to the Composition, and that CBS did not enter into a licensing agreement with Plaintiff as a result. Compl. ¶ 13. Plaintiff alleges that it has "submitted copyright applications for all but one of the Compositions to the U.S. Copyright Office." Compl. ¶ 15. In sum, Plaintiff complains that "Defendants' ongoing false assertions regarding an ownership interest in the Compositions is preventing Plaintiff from exercising its valid rights as the co-owner of copyright in the Compositions." Compl. ¶ 17. The Complaint attaches only the ASCAP and BMI reports reflecting Defendants' registration of the Compositions, and attaches neither applications for copyright registration nor certificates of registration of copyrights in the Compositions. The Complaint also does not attach any agreement between Mr. Way and Plaintiff.

Based on the foregoing allegations, Plaintiff asserts six claims: (1) false designation of origin under Section 43(a) of the Lanham Act; (2) false advertising under Section 43(a) of the Lanham Act; (3) slander of title; (4) unjust enrichment; (5) "common law unfair competition"; and (6) deceptive business practices under New York General Business Law section 349.

As indicated above, if necessary, Defendants intend to prove that they possess music publishing rights and valid copyright registrations in the Compositions, but even without any affirmative assertions of fact, Defendants believe that the Complaint is deficient on its face, and accordingly anticipate filing a motion to dismiss for failure to state a claim upon which relief can be granted.

Summary of Anticipated Argument

As set forth in greater detail below, all of the claims fail to state a cause of action and should be dismissed. Presumably because of Plaintiff's failure to obtain copyright registrations, Plaintiff has impermissibly attempted to dress theories of copyright infringement in Lanham Act claims, contrary to well-established precedent of the United States Supreme Court. *See generally Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). Similarly, Plaintiff's tag-along state law claims are barred by the same doctrine, or preempted by the Copyright Act. *See Freeplay Music, Inc. v. Cox Radio, Inc.*, 409 F.Supp.2d 259, 263-64 (S.D.N.Y. 2005); *Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 478 (S.D.N.Y.2002) ("there is no misrepresentation of origin that does not reduce ultimately to unauthorized exploitation of rights that allegedly belong to the true copyright holder").

In *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), the Supreme Court stated that "in construing the Lanham Act, we have been 'careful to caution against misuse

Honorable William H. Pauley III
July 14, 2008
Page 3

or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright." 539 U.S. at 34 (quoting *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001)). The *Dastar* plaintiffs argued that a television production's use of an earlier program in which plaintiff allegedly owned rights violated the Lanham Act for failure to credit the original source of the material. The Court ruled that the Lanham Act cannot be used to litigate claims concerning misattribution of copyright ownership, or claims which are in essence copyright infringement claims. 539 U.S. at 28-29, 35-38. Moreover, the Second Circuit has long held that an allegedly false assertion of copyright alone cannot constitute a false designation of origin within the meaning of § 43(a) of the Lanham Act. *Lipton v. The Nature Co.*, 71 F.3d 464, 473 (2d Cir. 1995).

Here, Plaintiffs are alleging that they have been injured because "Defendants' ongoing false assertions regarding an ownership interest in the Compositions is preventing Plaintiff from exercising its valid rights as the co-owner of copyright in the Compositions." Compl. ¶ 17. This is exactly the kind of claim that the *Dastar* doctrine prohibits. *See, e.g., Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, Inc.*, 467 F.Supp.2d 394, 398-99 (S.D.N.Y. 2006); *Freeplay*, 409 F. Supp. 2d at 263-64; *Thomas Publ'g Co. v. Technology Evaluation Ctrs., Inc.*, No. 06 Civ. 14212(RMB), 2007 WL 2193964, at *2-*4 (S.D.N.Y. July 27, 2007); *see also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1143-44, 1150-54 (9th Cir. 2008) (Lanham Act and related state common law and statutory claims arising from defendants' alleged misrepresentations of compliance with copyright licensing policies barred by *Dastar* or preempted by Copyright Act).

The foregoing does not constitute a full recitation of the facts or law applicable to this action, and Defendants expressly reserve the right to supplement their anticipated motion with additional grounds and legal theories as their investigation and legal research continue. Defendants understand that, insofar as the Court's Individual Practices require the pre-motion conference to occur prior to filing the anticipated motion to dismiss, the time for Defendants to answer, move or otherwise respond to the Complaint shall be extended to a date determined by the Court based on its disposition of this pre-motion conference request.

We thank the Court for its consideration of the foregoing.

Respectfully submitted,

Partha P. Chattoraj

cc:    Joseph E. Petersen, Esq. (by hand and e-mail PDF)
       James A. Trigg, Esq. (by e-mail PDF)